Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:   (415) 268-2000
Facsimile:    (415) 268-1999
Email:         matt.jaksa@hro.com

Attorneys for Plaintiffs,
ARISTA RECORDS LLC; SONY BMG MUSIC ENTERTAINMENT; WARNER BROS. RECORDS INC.; ZOMBA RECORDING LLC; UMG RECORDINGS, INC.; and ATLANTIC RECORDING CORPORATION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ARISTA RECORDS LLC, a Delaware limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; ZOMBA RECORDING LLC, a Delaware limited liability company; UMG RECORDINGS, INC., a Delaware corporation; and ATLANTIC RECORDING CORPORATION, a Delaware corporation,<br>          Plaintiffs,<br><br>    v.<br><br>JOHN DOE,<br>          Defendant. | CASE NO. 3:07-CV-04862-JL<br><br>Honorable James Larson<br><br>***EX PARTE* APPLICATION TO EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER** |

Plaintiffs respectfully request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional 90 days to serve Defendant with the Summons and Complaint. As further explained below, Plaintiffs believe they have discovered the identity of the Doe defendant in this case, and have engaged in settlement negotiations. However, settlement negotiations have failed and Plaintiffs do not have sufficient time to amend the complaint to name Defendant individually and effectuate service before the current service deadline expires. In support of their request, Plaintiffs state as follows:

1. The current deadline for service of process is January 18, 2008. The initial case management conference is set for March 26, 2008, at 10:30 a.m., as continued by the Court's Order of December 18, 2007 upon Plaintiffs' request.

2. Plaintiffs filed their Complaint for Copyright Infringement against Defendant John Doe ("Defendant") on September 20, 2007. Plaintiffs did not have sufficient identifying information to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned to Defendant by Defendant's Internet Service Provider ("ISP") – here, California State University, Monterey Bay.

3. In order to determine Defendant's true name and identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on September 20, 2007, requesting that the Court enter an Order allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

4. The Court entered an Order for Leave to take Immediate Discovery on September 27, 2007, which was served upon the ISP along with a Rule 45 subpoena. On November 30, 2007, the ISP responded to Plaintiffs' subpoena, identifying Kristina Alviz and providing Plaintiffs with contact information including Ms. Alviz's telephone number and address.

5. After receiving this information from the ISP, Plaintiffs sent a letter to Ms. Alviz on December 14, 2007 notifying her of their claims for copyright infringement and encouraging her to make contact to attempt to amicably resolve this matter. Ms. Alviz initially contacted Plaintiffs in response to this letter on December 26, 2007, and the parties thereafter engaged in settlement

1

EX PARTE APPLICATION TO EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER
Case No. 3:07-cv-04862-JL
#34442 v1

negotiations. However, the parties did not reach a settlement, and negotiations have ceased as of January 10, 2008.

6. Plaintiffs are now preparing a First Amended Complaint naming Ms. Alviz individually as the defendant and intend to file the same. However, it appears that Plaintiffs will not be able to serve the First Amended Complaint by the current service deadline. Therefore, Plaintiffs respectfully request an additional 90 days to effectuate service.

7. Plaintiffs submit that their efforts to give written notice to Ms. Alviz of their claim and subsequent efforts to resolve the case before naming her in the suit constitute good cause for any delay in perfecting service. *See Ritts v. Dealers Alliance Credit Corp.,* 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (stating good cause standard for service extensions). Here, Plaintiffs have acted in good faith to try to settle this matter with Ms. Alviz without potentially damaging her credit by naming her in the suit as well as attempting to avoid the cost of further litigation for both parties. Moreover, unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs first had to obtain the identity of the defendant through the subpoena to the ISP. This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996).

8. Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired. *See* 17 U.S.C. § 507(b) (2000). There can thus be no prejudice to the Defendant from any delay in serving the Complaint.

9. Plaintiffs will provide the Defendant with a copy of this request and any Order concerning this request when service of process occurs.

Dated: January 17, 2008                                HOLME ROBERTS & OWEN LLP

By: _____*/s/ Matthew Franklin Jaksa*___
MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs
ARISTA RECORDS LLC; SONY BMG MUSIC ENTERTAINMENT; WARNER BROS. RECORDS INC.; ZOMBA RECORDING LLC; UMG RECORDINGS, INC.; and ATLANTIC RECORDING CORPORATION

## **ORDER**

Good cause having been shown:

**IT IS ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), Plaintiffs' time to serve the Summons and Complaint on Defendant be extended to April 17, 2008.

Dated: _____          By: _____
                                              Honorable James Larson
                                              United States Magistrate Judge